UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SAMUEL CHENG
   Plaintiff

vs.                 C.A. No. 09-40041- FDS

SUNOCO, INC (R&M)
   Defendant

## DEFENDANT'S FIRST DOCUMENT PRODUCTION REQUESTS TO PLAINTIFF

  Defendant, Sunoco, Inc. (R&M) (hereinafter referred to as "Sunoco"), requests pursuant to Rule 34 of the Federal Rules of Civil Procedure, that plaintiff produce, for copying and inspection, the documents described in Section 3 hereof.

### I. INSTRUCTIONS

  A. The documents and/or items specified below are to be produced, for copying and inspection, at the offices of <u>John Reilly & Associates, 100 North Main Street, 4th Floor, Providence, R.I. 02903,</u> within thirty (30) days of the date of service hereof, set forth and certified below. Compliance with the documentary portions of this request may be made by forwarding true copies of such documents, by mail or courier, within the time specified.

  B. Respond to each request for production of documents in full. As to any request that cannot be responded to completely after reasonable efforts are made to secure the requested documents, so state, giving the reason why a complete response cannot be made at this time, and provide as many documents responsive to the request as is possible.

G.  "Crowley" shall connote Julie L. Crowley, another individual employed at relevant times by Sunoco who witnessed your signature and the signature of Wallace on the Agreement.

H.  "Beckershoff" is a shorthand reference to Robert J. Beckershoff, who was at relevant times a Sunoco employee working in its Credit Department and who (in that capacity) had dealings with you and your account in accordance with the Agreement.

I.  The term "your attorneys" means in includes all attorneys, lawyers, law firms, legal practitioners, paralegals, law clerks, and other persons having given you legal advice or representation in any way related to or concerning the matters described in your complaint.

J.  The word "and" and the word "or" shall, where context permits, be deemed to include the plural, and the words used in the plural shall, where the context permits, be deemed to include the singular. The masculine gender shall, where the context permits, be deemed to include the feminine or neuter genders.

### III. DOCUMENTS OR ITEMS TO BE PRODUCED

Accordingly (without limitation by the foregoing instructions and definitions), the following are to be produced:

1.  All documents which describe or refer to plaintiff's purchase or creation of a sole proprietorship as expressed in or evidenced by the Agreement. This includes copies of an applications to be allowed to operate as a Sunoco branded dealer at the Premises.

2.  Copies of all licenses and/or certifications issued by the Commonwealth of Massachusetts, any political subdivision thereof, and/or any Federal agency (whether in your name or that of another) relating to your ability to conduct the business described in your complaint(s), in the Agreement, and at the Premises.

3.  All documents which describe or refer to your sale or transfer of any equipment, receivables, goodwill or other assets of the business you conducted at the Premises to any other person, firm, corporation, or entity.

3

4. All State and Federal income tax returns (including all schedules, attachments and amendments) relating to and during the period of the business you conducted at the Premises as well as for a period beginning three (3) years before you applied to Sunoco to do business that the Premises and for a period of two (2) years after you ceased doing business at the Premises.

5. All profit and loss and/or financial statements prepared for you and/or during the period from 2002 through 2006, inclusive, including (but not limited to) all such statements submitted to Sunoco in connection with your application to begin doing business at the Premises.

6. All documents relating to and/or describing or summarizing your cost of goods and profit markup or margin with respect to such goods for and during the relevant time period.

7. All documents relating to and/or describing or summarizing employee payroll records during the time that you operated the business at the Premises.

8. All correspondence (including letters, memoranda, E-mails or other forms of communications) between you and the following persons, firms, corporations, or other entities, concerning the matters described in your complaint(s).

   a. Sunoco;
   b. Wallace;
   c. Crowley;
   d. Beckershoff; and/or
   e. Any other Sunoco official or employee.

9. All copies of and/or records relating to complaints received by you and/or any other person acting on your behalf from any client or customer (including, but not limited to Sunoco) relating to any alleged failure on your part to properly and timely conduct business at the Premises during the period from 2004 through the present.

10. All records, documents, and/or communications relating to your allegation at paragraph five (5) of your complaint that "Sunoco breached its contract (with you) by unilaterally changing the terms for payment and supply of gasoline that the parties agreed to".

11. All records indicating the amount and grades of gasoline that was or were on any inventory (i.e., "in the underground storage tanks" at the Premises at the time that you first began doing business at the Premises and the amount that was or were on in the underground storage tanks at the Premises at the time that you ceased doing business at the Premises.

12. All records indicating the amount and grades of gasoline and/or other products that you ordered from Sunoco that were delivered to the Premises during the time that you did business at the Premises and all records of the amount of money (including credit card sales) that you received for the sale or other disposition of such gasoline and/or other products.

4

13. All records indicating the amount of money you were billed by Sunoco and the amount of money (including credit card receipts) that you paid Sunoco for all gasoline and/or other products that you sold from the Premises during the time that you did business at the Premises.

14. All documents relating to your allegation at paragraph six (6) of your complaint that "actions by Sunoco effectively caused (you) to be unable to continue to operate (your) station and as a result (you) had to close".

15. Any documents demonstrating that the proximate cause of your having to close the station or Premises was "Sunoco's unfair and deceptive dealings" as alleged in paragraph seven (7) of your complaint.

16. All documents demonstrating that you "sustained an economic loss" as alleged in paragraph nine (9) of your complaint.

17. Any and all documents demonstrating or evidencing any effort on your part to sell the business (or any part of the business) and/or any or all of the gasoline and/or other products still in your possession during the time that you operated the business at the Premises.

18. Any and all documents demonstrating or evidencing any effort on your part to mitigate any of the damages that you have alleged in this case or action against Sunoco.

19. Copies of any petitions for Bankruptcy protection or relief that you have filed from January 1, 2003 through and including the present.

20. Any photographs, drawings, surveys, charts, diagrams, or other compilations relating to the matters described in you complaint(s) which were not prepared for use in connection with this litigation.

21. Any request or proposal by Sunoco and/or any documents or communications you made to Sunoco concerning the creation of a "business plan" or plan to correct any financial or business difficulties you were experiencing while doing business at the Premises.

22. As soon as they have been identified (but no less than the time described by the Federal Rules of Civil Procedure, its local analog, and/or any other pretrial order of this Court), all photographs, drawings, surveys, charts, diagrams, compilations, computer files, logs, tangible objects or instrumentalities which you intend to offer as an exhibit, chalk, or other demonstrative aid at any trial on the merits of this action.

23. The curriculum vitae or resume of each person you expect to call as an expert witness at any trial on the merits of this action.

24. To the extent not described above, all other written documentation concerning any claims for breach of contract and/or damages you are presenting against Sunoco in this action.

The foregoing requests include all after-acquired documents of the type made reference to in the foregoing individual subparts. The plaintiff is therefore requested to timely update these responses by forwarding copies of any such newly acquired material to counsel for the defendant, and to notify counsel for the defendant of the existence of the same.

Sunoco, Inc. (R&M)
By its attorney,

_____
John B. Reilly, Esq. (BBO # 545576)
John Reilly & Associates
100 North Main Street, 4th Floor
Providence, Rhode Island 02903
TELEPHONE: (401) 272-2800
FAX: (401) 272-2811

## CERTIFICATION

I hereby certify that a copy has been sent to **Nathaniel D. Pitnof, Esq.**, 100 Grove Street, Suite 311, Worcester, MA 01605, this 30th day of July, 2009.

_____

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SAMUEL CHENG
    Plaintiff

vs.                                                    C.A. No. 09-40041- FDS

SUNOCO, INC (R&M)
    Defendant

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant, Sunoco, Inc. (R&M), (hereinafter "Sun" or "Sunoco"), requests pursuant to Rule 33 of the Federal Rules of Civil Procedure ("FRCP"), that Plaintiff, Samuel Cheng (hereinafter "Cheng") respond to those interrogatory questions set forth in Section III hereof within the time provided by the FRCP.

### I. INSTRUCTIONS

A. <u>Scope of Discovery (Location and Custody of Documents and Information).</u> These Interrogatories are intended and directed to cover all information in your possession, custody, control or in the possession of your employees, agents, servants, representatives, attorneys, or other persons directly or indirectly employed or retained by you or anyone else acting on your behalf or otherwise subject to your control.

B. <u>Document No Longer in Possession.</u> If any document of which inquiry is made is no longer in your possession, custody or control, state:
    1. what was done with the document;
    2. the author of the document;
    3. a description of the document and its contents;
    4. the identity and address of the current custodian of the document;
    5. the person who made the decision to transfer or dispose of the document; and
    6. the reasons for, and the date of, the transfer or disposal.

journals, ledgers, bills, invoices, checks, receipts and the like, notes or transcripts of telephone conversations, sound recordings, and any other retrievable date (whether recorded, taped, punched or coded, electrostatically, electromagnetlically, on computer or otherwise), in your possession, custody or control and/or known to you wherever located, however produced or reproduced, including any non-identical copy (whether different from the original because of any alterations, notes, comments, initials, underscoring, indication or routing or other material contained thereon or attached thereto, or otherwise), and whether a draft or final version.

L. "Concerning" means referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, explaining, constituting, evidencing, pertaining to or memorializing.

### III. INTERROGATORIES

Accordingly, without limitation by virtue of the foregoing instructions and definitions, the following questions are addressed to you:

1. Give your exact and complete name, date and place of birth, any other nickname or alias by which you have ever been known, your current residence address, and your current business address.

2. State the name of your wife, her last known residence address, her occupation, her last known business address, and if you and she have been involved in domestic litigation of any type from September 1, 2004 to the present, set forth the nature of each such action, its current status, disposition, and the docket number and name of each court in which any such actions are or have been pending during the time specified.

3. Describe the nature of your present business or other occupational or income-producing work or activities, giving all business or other addresses at or from which such activities have been conducted from February 25, 2005 and at any time thereafter.

4. Give the name and address of each person known or believed by you to have knowledge and/or to have been an actual witness to any of the transactions and events alleged in your complaint, Sun's counterclaim or the events and communications described by you in these answers to interrogatories. If any such person is related to you or (to your knowledge) to your wife by blood or marriage, please identify that person and such relationship.

5. State whether you have consulted, engaged or otherwise obtained the assistance of any expert with respect to any of the issues in this case, and if so, as to each such expert state his or her:
   a. name, home address, business address and occupation;

   b. educational background including schools, colleges, universities attended, and as to each the certificate or degree thereof;

c. employment history, giving the names of employers, the nature of employment and the periods, by encompassing date, or such employment;

d. field of expertise and a description of the license or licenses held by such expert with respect thereto, including the period of each license and the name of the issuing officer or agency;

e. the subject matter upon which each person is expected to testify, to include the substance of the facts, opinions and/or conclusions to which the person is expected to testify and a summary of the grounds for each opinion.

6. Identify by name, date of birth, last known address and last known business address each employee of yours and/or each employee of you and/or your wife with respect to any business you and/or she conducted at the Premises during the period September 1, 2004 through and including the last date that you occupied the Premises, setting forth the dates during which each was employed, his/her job title and duties, and further specifying why such employee no ceased working for you and/or you and your wife.

7. If you, or of to your knowledge any of the other parties or witnesses (including expert witnesses) identifies in these responses to interrogatories has or have ever been convicted or pleaded guilty to any criminal offense, give the date of each such plea or conviction, the name and address of each court or other tribunal (including military) before which such matter was heard, and give the final disposition/sentence of any and all such cases.

8. Set forth those facts (not legal conclusions nor the opinions of your attorney) upon which you allege in paragraph five (5) of your Complaint that "Sunoco breached its contract with Chang [sic] by unilaterally changing the terms for payment and supply of gasoline that the parties had agreed to" and identify all communications, documents, and/or events which support your allegation that "Sunoco breached its contract with Change [sic] by unilaterally changing the terms for payment and supply of gasoline that the parties had agreed to".

9. Set forth those facts (not legal conclusions nor the opinion of your attorney) upon which you allege in paragraph six (6) of your Complaint that "actions by Sunoco effectively caused Chang[sic] to be unable to continue to operate his station and as a result he had to close" and identify all communications, documents, and/or events which support your allegation that "actions by Sunoco effectively caused Chang [sic] to be unable to continue to operate his station and as a result he had to close."

10. Set forth those facts (not legal conclusions nor the opinion of your attorney) upon which you allege in paragraph seven (7) of your Complaint that the dealings of Sun were "unfair and deceptive" and identify all communications, documents, and/or events which support your allegation that the dealings of Sun were "unfair and deceptive."

11. Set forth those facts (not legal conclusions nor the opinion of your attorney) upon which you allege in paragraph eight (8) of your Complaint that Sun committed a "breach of its covenant of god [sic] faith and fair dealing under its contract with Cheng" and identify all communications, documents, and/or events which support your allegation that Sun committed a "breach of its covenant of god [sic] faith and fair dealing under its contract with Cheng."

12. Set forth the amount of sales of gasoline (in gallons) that you sold at the Premises during each individual month from September 1, 2004 through and including June of 2005, listing sales month by month.

13. Did you ever submit a written business plan to Sun and/or to any banker, accountant, or other person, firm, entity or corporation respecting your plans for the financial and future operation of the business during the period from January 1, 2001 and at any time thereafter, and if so, identify each such written plan by title, date, and each party to whom it was submitted or sent.

14. On what date did you last purchase gasoline from Sunoco and on what date did you last sell any gasoline to any customer at the Premises.

15. Did you and/or your wife maintain for the period September 1, 2004 through the present, written and/or computerized records showing the weighted average margin or pool margin on daily, weekly and/or monthly sales of gasoline to include the prices you paid or were due Sun and the prices charged the motoring public for gasoline sales, and if so, identify all documents relating to such records and set forth all such calculations or summaries, including the amount of gross profit you and/or your wife made from gasoline sales during such period of time.

16. Please describe the standard files and/or other records maintained by you with respect to sales of gasoline during the period from September 1, 2004, through the present.

17. Please identify any records concerning the business relationship between you and/or your wife and Sunoco during the period from September 1, 2004, through the present which have been destroyed, lost or otherwise disposed of and explain why, when and/or how any such records came to be disposed of, lost or destroyed.

18. Set forth the date or dates upon which you purchased, obtained, and/or bought gasoline from a supplier other than Sunoco indicating the name and address of each person, firm, partnership, entity or corporation, having supplied you such fuel during the period from September 1, 2004 and at any time thereafter.

19. Identify all offers to sell or purchase the "key" or business made or received by you and/or your wife from September 1, 2004 and at any time thereafter, identifying by name and address any person, firm, entity or corporation having made an offer to purchase, the amount of consideration offered, the amount of any earnest money or deposit received with reference to such offer to purchase, and further identifying all conversations, communications or documents

7

between such persons, firms, entities or corporations and you and/or your wife relating to such offers to purchase the such "key" or business.

20. Give the inclusive date or dates, if any, during which you claim you were prevented by Sun from transacting your ordinary daily business from September 1, 2004 to the present, describing the conditions causing such cessation of business and identifying all documents and communications pertaining to the same.

21. Identify all tape recordings or other sound or visual recordings or conversations between you and/or your wife and/or any representative of yours or your wife and Sun or any representative of Sun from September 1, 2004 to the present.

22. Identify any photographs, pictures, video films, drawings, charts, diagrams, or other visual representation showing any tangible objects related to the allegations of your Complaint.

23. To the extent not done in your answer to the preceding interrogatories, set forth any other claims for offsets, lost profits, or other damages which you claim you are entitled to recover from Sun, particularizing the basis of any such claim or claims and the manner (including all components thereof) in which each such claim or amount has been calculated.

Sunoco, Inc. (R&M)
By its Attorney,

John B. Reilly, Esq. (BBO#545576)
Michael E. Levinson, Esq. (BBO#666108)
John Reilly & Associates
100 North Main Street, 4th Floor
Providence, RI 02903
(401) 272-2800
FAX: (401) 272-2811

8